UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JUAN CANDELARIA,

                              Plaintiff,

                                              DECISION AND ORDER
      v.                                        04-CV-277A

LAURENCE J. HIGLEY; G. MONAHAN;
JOHN NUTTAL; ANTHONY J. ANNUCCI;
GLENN S. GOORD, d.b.a., NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES
("DOCS"); ROBERT A. KIRKPATRICK, d.b.a.,
WENDE CORRECTIONAL FACILITY ("WENDE");
S. POST; STANLEY BUKOWSKI; LESTER N.
WRIGHT; D. GORCZYNSKI; THOMAS TORRITO;
BELLA HOWE; SGT. JOHN DOE; OFFICER JANES
(sic) DOE; KATHY SAINSBURY; and OTHER KNOWN
AND UNKNOWN EMPLOYEES OF DEFENDANT
DOCS,

                              Defendants.[1]

---

## INTRODUCTION

Plaintiff Juan Candelaria, a *pro se* prisoner, commenced this action, pursuant to 42 U.S.C. § 1983, on April 9, 2004, against the defendants, all of whom are former or current employees of the New York State Department of Correctional Services ("DOCS"). In the compliant,[2] the plaintiff claims that while he was incarcerated

---

[1] This caption is taken from plaintiff's Second Supplemental Complaint (Doc. No. 21), the complaint currently in effect. The Second Supplemental Complaint misspells defendant Kirkpatrick's name as "Kirpatrick." The Court has made the correction here.

[2] Reference to the "complaint" herein, refers to the Second Supplemental Complaint.

with DOCS, at the Wende Correctional Facility ("WCF"), defendants subjected him to various constitutional deprivations. Although not clearly stated, plaintiff appears to be alleging the following claims: (1) plaintiff has been exposed to second-hand smoke in violation of the Eighth Amendment to the United States Constitution; (2) plaintiff has been denied programs and services at WCF due to his disability in violation of Title II of the Americans with Disabilities ("ADA") and §504 of the Rehabilitation Act ("Rehab Act"); (3) plaintiff has been denied the use of a wheelchair and/or a walker in violation of the Eighth Amendment; (4) defendant Bukowski, with the knowledge of defendants Kirkpatrick and Monahan, sexually assaulted him on one occasion in violation of the Eighth Amendment; (5) defendant Bukowski acted with deliberate indifference when he failed to discontinue aspirin and anti-clotting medication thereby injuring plaintiff's kidney in violation of the Eight Amendment; and (6) approximately 18 disciplinary infractions have been falsely issued and/or in retaliation for filing a grievance against defendant Higley on or about late 2003.

Currently before the Court is defendants' motion to dismiss various claims. Specifically, the motion seeks: (1) dismissal of defendants Goord, Annucci, Nuttall and Wright; (2) dismissal of the ADA and Rehab Act claims; and (3) dismissal of the official capacity suit claims.

**DISCUSSION**

**1.    Defendants Goord, Annucci, Nuttall and Wright**

A state employee cannot be held liable under 42 U.S.C. § 1983 absent an allegation and a showing that he or she was personally involved in the violation of the plaintiff's constitutionally protected rights. Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). Personal involvement of a defendant in an alleged constitutional deprivation is a prerequisite to an award for damages under § 1983. McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087 (1979). "Absent some personal involvement [by a defendant] . . . in the allegedly unlawful conduct of his subordinates, he cannot be held liable under § 1983." Garrido v. Coughlin, 716 F.Supp. 98, 100 (S.D.N.Y. 1989) (*quoting* Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987)).

In the context of a prisoner § 1983 action, a defendant may be personally involved by: (1) direct involvement in the infraction; (2) failure to remedy the violation after notice; (3) institution of a policy or custom which permitted the infraction to occur, or the continuation of an unconstitutional policy or custom; (4) acting in a manner constituting gross negligence in the management of subordinates responsible for the violation; or (5) exhibiting deliberate indifference by failing to act on information that unconstitutional acts were occurring. Colon, 58 F.3d at 973; Williams v. Smith, 781 F.2d 319, 323, 324 (2d Cir. 1986). In the absence of such involvement, a defendant is not liable. *See* Rizzo v. Goode, 423 U.S. 362 (1976); Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993).

Here, plaintiff fails to allege facts to support his claim that defendants

3

Goord, Annucci, Nuttall and Wright had any direct involvement in the claims raised by the plaintiff.  In fact, there is no allegation that they were even present at WCF.  Rather, as alleged in the complaint, all of these parties are high ranking DOCS employees who had no personal involvement in the care and/or treatment of the plaintiff.  The complaint states that, at the time of the alleged deprivations, Goord was the Commissioner of DOCS; Nuttall was the Deputy Commissioner of DOCS; Annucci was the Deputy Commissioner and Counsel of DOCS and Wright was the Chief Medical Officer of DOCS.

The allegations of involvement regarding these defendants are wholly conclusory and allege that the actions that occurred at WCF were done at the behest or direction of these high ranking DOCS defendants.  Yet the complaint offers no factual support for such assertions.

With respect to the claim that plaintiff was exposed to second-hand smoke, plaintiff alleges in the complaint that DOCS has a non-smoking policy "prohibiting indoor tobacco smoking . . ."  Complaint, at ¶16.  However, the complaint goes on to allege that despite the policy, both employees and inmates at WCF continue to smoke.  Id.  Even assuming the truth of this allegation, it not does demonstrate that Goord, Annucci, Nuttall and Wright were personally involved as they were not at WCF, nor are facts alleged showing that they were charged with enforcing the policy therein on a day-to-day basis.  See Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002) (affirming dismissal of claim against governor because plaintiff failed to allege governor's personal involvement in prison's smoking policies).

The only arguable allegation of involvement by any of these defendants

involves a letter of complaint attached to the complaint to defendant Annucci complaining of exposure to second-hand smoke. Complaint Exhibit, at 29. Also attached is Annucci's response which advised the plaintiff of the DOCS policy prohibiting smoking and referred the matter to the WCF Superintendent as the issue was one of enforcement. Complaint Exhibit, at 31. Numerous courts have held that merely writing a letter of complaint does not provide personal involvement necessary to maintain a §1983 claim. "Generally, the allegation that a supervisory official ignored a prisoner's letter protesting unconstitutional conduct is not itself sufficient to allege the personal involvement of the official so as to create liability under § 1983." Gayle v. Lucas, 1998 WL 148416, at *4 (S.D.N.Y. 1998); cf. Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (plaintiff's allegation that the superintendent of a correctional facility did not respond to his letter of his complaint did not raise a triable issue of fact where the contents of the letter were not specified); Davis v. City of New York, 2000 WL 1877045, at *9 (S.D.N.Y. 2000) (finding no personal involvement where supervisory official ignored letter of protest and had no other involvement in the alleged constitutional deprivation); Richardson v. Coughlin, 101 F.Supp. 2d 127, 132-33 (W.D.N.Y. 2000) (granting summary judgment to supervisory official on the ground that he had no personal involvement in the alleged constitutional violation where defendant merely ignored prisoner's letter of complaint); Pritchett v. Artuz, 2000 WL 4157, at *6 (S.D.N.Y. 2000) (finding no personal involvement and thus no §1983 liability where supervisory official ignored a prisoner's letter of complaint); Thomas v. Coombe, 1998 WL 391143, at 6* (S.D.N.Y. 1998) ("the fact that an official ignored a letter alleging unconstitutional conduct is not enough to establish personal involvement"); Higgins v. Artuz, 1997 WL

466505, at *7 (S.D.N.Y. 1997) (holding the same and collecting cases).  In any event, as Annucci properly responded by referring the issue of enforcement of WCF smoking policy to the WCF Superintendent, there is no basis to conclude that he acted with deliberate indifference necessary to state an Eighth Amendment claim.

With respect to the other claims in the complaint, there is no factual allegations that defendants Goord, Annucci, Nuttall and Wright were personally involved nor is there any factual assertions demonstrating they were aware of the alleged incidents.  Accordingly, defendants Goord, Annucci, Nuttall and Wright must be dismissed as defendants.

**2.    ADA and Rehab Act Claims**

In this action, plaintiff brings claims against the individual defendants under Title II of the ADA and § 504 Rehab Act for alleged discrimination and failure to provide reasonable accommodations.  However, there is no individual liability under Title II or § 504 because liability under the statute only applies against a "public entity," not individuals.  See Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001).  Accordingly, because neither statute allows for officials to be sued in their individual capacities, plaintiff's ADA and Rehab Act claims must be dismissed.

**3.     Eleventh Amendment**

In addition to naming the defendants individually, the plaintiff has also sued the defendants in their official capacities. However, it is well settled that claims against State officials in their official capacities are barred by the Eleventh Amendment. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, plaintiff's §1983 claims asserted against individual defendants in their official capacities must be dismissed.

**CONCLUSION**

For the reasons stated, the Court: (1) grants defendants' motion to dismiss defendants Goord, Annucci, Nuttall and Wright for lack of personal involvement; (2) grants defendants' motion to dismiss all of plaintiff's ADA and Rehab Act claims; and (3) grants defendants' motion to dismiss all claims brought against defendants in their official capacities.

The Court notes that the following claims and defendants remain in the case: (1) exposure to second-hand smoke in violation of the Eighth Amendment;[3] (2) denial of the use of a wheelchair and/or a walker in violation of the Eighth Amendment, against defendants Bukowski, Post, Higley, Monahan, Kirkpatrick, Torrito, Gorczynski, Sainsbury, Jane Doe and Sgt. John Doe; (3) sexual assault in violation of the Eighth Amendment, against defendant Bukowski, with the knowledge of defendants Kirkpatrick

---

[3] The only defendants against whom this claim is alleged in the complaint are defendants Goord, Annucci, Nuttal and Wright, all of whom have now been dismissed. Plaintiff should be afforded an opportunity to amend the complaint to identify the proper defendants, if any.

and Monahan; (4) deliberate indifference to plaintiff's medical needs (failure to discontinue aspirin and anti-clotting medication) in violation of the Eighth Amendment, against defendant Bukowski; and (5) issuance of false misbehavior reports and retaliation in violation of the First and Fourteenth Amendments, against defendants Higley and Monahan.  Finally, the Court notes that with regard to defendant Howe, plaintiff has not filed proof of service nor has defendant Howe made an appearance.

The case is referred back to Magistrate Judge Schroeder for further proceedings.

SO ORDERED.

s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  February 18, 2008